(February 10, 1921.)

## ALLEN-WRIGHT FURNITURE COMPANY, a Corporation, Respondent, v. JACOB SPOOR, Appellant.

[195 Pac. 632.]

NEGOTIABLE NOTE—CONSIDERATION—TRANSFER IN - DUE COURSE.

  1. The holder of a negotiable promissory note, indorsed in blank and transferred to him in due course as part payment on a conditional sale note, is a holder for value, and may recover thereon although subsequent to acquiring said note he repossesses the property for which the title note was given.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Action on two promissory notes. Judgment for plaintiff. Defendant appeals. *Affirmed.*

S. L. Tipton, for Appellant.

"Where there is a retaking under the contract, the seller of the property loses the right to compel payment of the purchase price." (*Pease v. Teller Trans. Co.,* 22 Ida. 807, 128 Pac. 981; *Seanor v. McLaughlin,* 165 Pa. 150, 30 Atl. 717, 32 L. R. A. 467.)

By retaking the property the plaintiff could not maintain an action on the notes. (*Yellowstone Nat. Bank v. Gagon,* 19 Mont. 402, 48 Pac. 762, 44 L. R. A. 243; *Miller v. Steen,* 30 Cal. 403, 89 Am. Dec. 124.)

The plaintiff cannot vary the terms of the indorsement by parol. (*Bank of Albion v. Smith,* 27 Barb. 489; *Jaster v. Currie,* 69 Neb. 4, 94 N. W. 995.)

The acceptance by a creditor of a promissory note of his debtor for his antecedent debt does not extinguish it unless the note is paid. It is conditional and not absolute payment. (*Leschen v. Mayflower M. Co.,* 173 Fed. 855, 97 C. C. A. 465, 35 L. R. A., N. S., 1.)

"The giving of a note of a third party does not constitute payment unless there was an agreement to that

effect between the parties." (*Zook v. Odle,* 3 Colo. App. 87, 32 Pac. 82.)

"Where the note of a third party was given for a pre-existing debt, the mere acceptance by the creditor only operated to make it a collateral security and did not act as an extinguishment of the debt." (*Cheltenham v. Gates,* 23 Ill. App. 635; *Wilhelm v. Schmidt,* 84 Ill. 183; *Bour v. Pinney,* 80 Ill. App. 51; *Bonestell v. Bowie,* 128 Cal. 511, 61 Pac. 78; *Stebbins v. Kellogg,* 5 Conn. 265.)

"If the vendor take a bill or note in payment without the purchaser's indorsement it will extinguish the debt." (35 L. R. A., N. S., 46, note.)

Geo. C. Huebener, for Respondent.

Even if these notes were transferred to the respondent by the Empire Home Company, being negotiable in character, as collateral security, taken in good faith, in the due course of business, for value, before maturity, and even for an antecedent debt, the respondent would be regarded · as 'a holder for value of such paper, and consequently unaffected by any equitable and valid defense of the maker against the payee. (*Yellowstone Nat. Bank v. Gagon,* 19 Mont. 402, 48 Pac. 762, 44 L. R. A. 243; *Swift v. Tyson,* 16 Pet. 1, 10 L. ed. 865; *Brooklyn City & N. R. Co. v. National Bank of the Republic,* 102 U. S. 14, 26 L. ed. 61, see, also, Rose's U. S. Notes); and particularly so if the respondent had no notice of any equities, defenses or infirmities as between the maker and payee, but in the case at bar, the record shows that the respondent had no notice at the time it accepted these notes of the real relations between the maker and payee.

The testimony shows that the respondent was the holder of the notes in due course of business, as provided by sec. 5924, C. S. (*Vaughn v. Johnson,* 20 Ida. 669, 119 Pac. 879, 37 L. R. A., N. S., 816.)

LEE, J.—Respondent, the Allen-Wright Furniture Company, a corporation, brought this action to · recover upon

two promissory notes executed by appellant, Jacob Spoor, to the Empire Home Company, a corporation.

Respondent claimed to have acquired title to these notes from the payee, by indorsement and delivery; that it was a holder for value in due course, and that no part of said notes had been paid.

Appellant by his amended answer admitted the execution of the notes but alleged that they were given to the Empire Home Company in part payment for bonds of said company which he had agreed to purchase in consideration that said Empire Home Company would on or about September 1, 1915, loan appellant $10,000 on certain real estate security, and not otherwise; that said Empire Home Company had neglected and refused to make appellant this loan, had become insolvent, had forfeited its charter and was a defunct corporation, and that the consideration for which said notes were given had wholly failed.

The answer further alleges, upon information and belief, that these facts were all known to respondent when it purchased the notes, and that it was not a holder for value in due course.

It appears that the Empire Home Company, at the time it indorsed these notes in blank and delivered them to respondent, was indebted to it on account of certain furniture which it had purchased and for which it had given in payment a conditional sale note, payable in monthly instalments, that certain of these instalments were past due, and that respondent had taken these notes given by appellant in payment of past due instalments on this title note, and had credited the Empire Home Company for their face value. After such credit had been given, respondent repossessed the furniture for which the title note had been given, without objection from the maker of the title note, and applied the value of the furniture so repossessed in liquidation of the balance due on its title note.

The case was tried by the court sitting without a jury, and it made and entered separate findings and conclusions and gave judgment in accordance therewith for respondent

against appellant in the sum of $545.66, principal, interest, attorney's fees and costs, from which judgment this appeal is taken.

Appellant assigns five specifications of error, all of which may be considered together.

Appellant's principal contention appears to be that because the notes sued on in this action had been indorsed in blank and transferred to respondent they became collateral to the conditional sale note, and that because respondent had repossessed the property for which the conditional sale note was given, it thereby rescinded such conditional sale, and the consideration for which the title note was given having failed, the consideration for the purchase of the notes given by appellant necessarily failed, and that it was not a holder for value in due course. This contention is not tenable.

At the time these notes were indorsed and transferred to respondent there was a valid and subsisting indebtedness due it from the Empire Home Company. These notes are set forth, by copy, in the record, and they are negotiable instruments as defined by C. S., sec. 6051. (See, also, Brannan's Negotiable Instrument Law, sec. 184, p. 388, and authorities cited under note to this section; see, also, note to *Holliday State Bank v. Hoffman* (Kan.), Ann. Cas. 1912D, pp. 4–12.)

The indorsement and transfer of these notes in due course, before maturity, by the Empire Home Company, in part payment of its indebtedness to respondent, was sufficient consideration to support such transfer. The fact that this indebtedness was evidenced by a title retaining note, and that respondent subsequently repossessed the property for which it had been given, in order to recover the balance of the account, does not result in such a failure of consideration as will defeat respondent's right to recover upon these notes, in the absence of a showing that by the terms of the title note such retaking of the property rescinded the sale and entitled the vendor to a return of the previous payments made. The record is silent as to the terms of this title note.

The trial court found that on May 29, 1915, appellant, Jacob Spoor, had executed and delivered to the Empire Home Company the two promissory notes in question, each for the sum of $200, payable on or before January 15, 1916; that said payee had indorsed and delivered these notes to respondent for value and in the due and regular course of business; that no part had been paid, and that by the terms of said notes there was due for principal, interest, attorney's fees and costs the sum of $545.66, for which it gave judgment. These findings are clearly supported by the evidence,—in fact, they are not seriously controverted by anything found in the record.

The judgment of the trial court should be affirmed, and it is so ordered. Costs awarded to respondent.

Rice, C. J., and Budge, McCarthy and Dunn, JJ., concur.